UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

RASHEEN FAIRLY,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:18-010-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Rasheen Fairly is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Fairly recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Fairly states that, over 20 years ago, he was convicted of drug- and gun-related crimes and sentenced to life in prison. Fairly claims that his sentence was enhanced in part because of a prior California drug conviction, and he now argues that the prior conviction can no longer serve as the basis for his enhanced sentence in light of Supreme Court case law.

Fairly's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Fairly cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, under certain limited circumstances, a prisoner may challenge his sentence in a § 2241 petition. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, the Sixth Circuit has explained that this is only true when the prisoner is relying on a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that a previous conviction is not a predicate offense for purposes of a career-offender enhancement. *See Hill*, 836 F.3d at 599-600. That is not the case here as Fairly has not identified such a Supreme Court decision relevant to his case. In fact, Fairly only relies on *Fiore v. White*, 531 U.S. 225 (2001), a 17-year-old Supreme Court decision regarding a specific Pennsylvania statute that appears wholly unrelated to his case. Fairly's § 2241 petition is therefore unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Fairly's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated February 20, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY